IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID MONTIEL CRUZ, | ) | No. C 07-4329 JSW (PR) |
| Petitioner, | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE** |
| RICHARD SUBIO, Warden, | ) | (Docket No. 2) |
| Respondent. | ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Mule Creek State Prison in Ione, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has also filed a motion to proceed *in forma pauperis*, which is now GRANTED (docket no. 2). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was sentenced to 102 years-to-life in state prison after a jury trial in Santa Clara County Superior Court for conviction on charges of burglary, sexual and felony assault and kidnapping as well as prior conviction allegations. Petitioner appealed his conviction to California Court of Appeal. Petitioner also filed a petition for review in the Supreme Court of California, which was denied in 2007. The instant federal habeas petition was filed on August 22, 2007.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The petition raises the following ground for relief: 1) the trial court's jury instructions on competency violated Petitioner's constitutional rights; 2) the court erred in admitting Petitioner's statement, which was involuntary and violated Petitioner's rights under *Miranda v. Arizona*; 3) prosecutorial misconduct; 4) the trial court's instructions on proving absence of duress violated Petitioner's rights; 5) the trial court's instructions on the defense of idiocy violated Petitioner's rights; 6) cumulative error; 7) the trial court's instructions on insanity violated Petitioner's rights; 8) the court's application of a sentencing enhancement for aggravated kidnapping violated Petitioner's rights; and 9) the trial court's imposition of a 25 years-to-life enhancement violated Petitioner's equal protection rights. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: January 8, 2008

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MONTIEL CRUZ,<br><br>    Plaintiff,<br><br>  v.<br><br>SECY AND WARDENS CDCR et al,<br><br>    Defendant.<br>_____/ | Case Number: CV07-04329 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Montiel Cruz
V65475
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640

Dated: January 8, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk